## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AHMET KAYMAK and BETUL MERVE KAYMAK (h/w), individually and as guardians *ad litem* for their minor children, CEMIL EMER KAYMAK, MEHMET YUSUF KAYMAK, AZRA KAYMAK and OMER ASAF KAYMAK 1048 AZLEN LANE CHALFONT, PA 18914**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**MONOGRAM CUSTOM HOMES AND POOLS 6366 ROBIN LANE COOPERSBURG, PA 18036 and SHARP ENERGY INC. c/o CORPORATION SERVICE COMPANY 2711 CENTERVILLE ROAD SUITE 400 WILMINGTON, DE 19808 and BRUCE G. DREISBACH individually and d/b/a DREISBACH PLUMBING, HEATING, AIR CONDITIONING & EXCAVATING 1377 PUGGY LANE BETHLEHEM, PA 18015 and NORTON MCMURRAY MANUFACTURING COMPANY a/k/a NORMAC c/o GERALD K. HODGE 2114 DEERPATH ROAD AURORA, IL 60506 And JOHN J. RIEGGER, JR. 1216 LEHIGH AVENUE ALLENTOWN, PA 18103**<br><br>    **Defendants.** | **Civil Action No.:  5:17-cv-00849** |

## AMENDED COMPLAINT

Plaintiffs, Ahmet Kaymak and Betul Merve Kaymak (h/w), individually and as guardians *ad litem* for their minor children, Cemil Emre Kaymak, Mehmet Yusuf Kaymak, Azra Kaymak and Omer Asaf Kaymak (hereinafter, collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Amended Complaint against Defendants, Monogram Custom Homes and Pools, Sharp Energy, Inc., Dreisbach Plumbing, Heating, Air Conditioning & Excavating, Normac, LLC, and John J. Riegger, Jr. In support thereof, Plaintiffs aver as follows:

### PARTIES

1.      At all times relevant hereto, Plaintiffs were adult or minor residents, as well as – in the case Ahmet Kaymak and Betul Merve Kaymak – owners of the house at the above-captioned Bucks County address (hereinafter "the subject property"); however, all are citizens of the Republic of Turkey.

2.      Plaintiffs Ahmet Kaymak and Betul Merve Kaymak are also guardians *ad litem* for their children listed in the caption above; in their names this matter is being prosecuted, i.e. by and through Ahmet Kaymak and Betul Merve Kaymak, for damages to the children's personal property, as well as for their emotional and psychological injuries resulting from their experience of the below-described explosion and fire.

3.      Upon information and belief, Defendant Monogram Custom Homes and Pools (hereinafter "Monogram") is a Pennsylvania corporation with a principal place of business located at the above-captioned address; at all times relevant hereto, Monogram was engaged in the business of, *inter alia*, general contracting, including for the design and installation of swimming pools and related facilities.

4.      Upon information and belief, Defendant Sharp Energy Inc. (hereinafter "Sharp") is

a wholly owned subsidiary of Chesapeake Utilities Corporation, and is a Delaware corporation with a principal place of business located at 22945 East Piney Grove Road in Georgetown, Delaware, and an agent located at the above-captioned address; at all times relevant hereto, Sharp was a subcontractor of Monogram tasked with performing certain work at the subject property having to do with propane gas and associated equipment and appliances (e.g. the pool heater installed as part of Monogram's overall pool installation).

5.     Upon information and belief, Defendant Bruce G. Dreisbach individually and d/b/a Dreisbach Plumbing, Heating, Air Conditioning & Excavating (hereinafter "Dreisbach") was an adult Pennsylvania resident with a principal residence (that doubled as his principal business location) located at the above-captioned address; at all times relevant hereto, Dreisbach was engaged in the business of selling, installing, and/or providing plumbing-, heating-, air-conditioning-, and excavating-related services, such as the work necessary to provide fuel to the propane-fed pool heater at the subject property on behalf of Monogram and/or Sharp.

6.     Upon information and belief, Defendant Norton McMurray Manufacturing Company a/k/a Normac (hereinafter "Normac") is an Illinois corporation with its principal place of business located at 2570 Kaneville Court (P.O. Box 588) in Geneva, Illinois, and an agent at the above-captioned address; at all times relevant hereto Normac was engaged in the business of designing, manufacturing, distributing, and/or selling flexible risers for gas-supply installations, including the flexible riser that was installed at the subject property (hereinafter the "product").

7.     Upon information and belief, John J. Riegger, Jr., (hereinafter "Riegger") was an adult Pennsylvania resident with a principal residence located 1216 Lehigh Avenue, Allentown, Pennsylvania; at all times relevant hereto, Riegger was engage in the business of business of selling, installing, and/or providing plumbing-, heating-, air-conditioning-, and excavating-

related services, such as the work necessary to provide fuel to the propane-fed pool heater at the subject property on behalf of Monogram and/or Sharp and/or Dreisbach.

## JURISDICTION AND VENUE

8.      Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states/countries; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

9.      Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

10.     On or about September 16, 2016, an explosion and fire occurred at the subject property; this caused damage to Plaintiffs' real and personal property (including an automobile), as well as the imposition of additional expenses and other harms besides – including but not limited to emotional and psychological injuries.

11.     Subsequent investigation revealed that Monogram was retained and contracted with as the general contractor to design and install a heated swimming pool (and related facilities) at the subject property.

12.     In the course of performing work relating to the pool job, with Plaintiffs as intended beneficiaries, Monogram subcontracted with Sharp and/or Dreisbach and/or Riegger to perform work that would allow fuel to feed the new pool heater; part of such work involved the installation of a riser manufactured (etc., as stated above) by Normac.

13.     The failure of Defendants Monogram, Sharp and/or Dreisbach and/or Riegger to perform services relating to the installation of the fuel-feeding facilities consistent with the applicable standard of care caused and/or contributed to the explosion and fire that resulted in the

damages and other harms described herein that Plaintiffs suffered.

14.     In addition, and/or alternatively, defects in a Normac riser that Defendants Monogram, Sharp and/or Dreisbach and/or Riegger used in installing the fuel-feeding facilities at the subject property caused and/or contributed to the explosion and fire that resulted in the damages and other harms described herein that Plaintiffs suffered.

15.     Thus, as a direct and proximate result of the acts and omissions of Defendants as described more fully below, Plaintiffs sustained damages and other harms in an amount in excess of $1,000,000.00.

## COUNT I – NEGLIGENCE
## PLAINTIFFS v. MONOGRAM

16.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

17.     Monogram owed plaintiffs a duty of care to, *inter alia*, properly perform the pool-project at the subject property, including but not limited to properly installing and connecting the propane supply to the pool's heater.

18.     The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other unlawful conduct of Monogram – including negligent acts and/or omissions of Monogram as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – more specifically described as follows:

    (a)     failing to exercise reasonable care in the performance of duties in the installation and connection of the propane supply to the pool's heater, including but not limited to carelessly and negligently performing the following:

        (1)     failing to competently install and connect the propane supply to the pool's heater in a safe and appropriate manner;

(2)    failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation and connection of the propane supply to the pool's heater;

(3)    failing to properly monitor the work of all agents, subcontractors and/or employees during the installation and connection of the propane supply to the pool's heater to ensure compliance with applicable safety procedures.

(b)    failing to adequately instruct, supervise and/or train servants, employees, subcontractors and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c)    failing to adequately warn Plaintiffs and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e)    failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f)    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

(g)    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

19.    As a direct and proximate result of such conduct, Plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses, plus emotional and psychological injuries and other hardships besides.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Monogram – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT
## PLAINTIFFS v. MONOGRAM

20.      Plaintiffs incorporate herein by reference the allegations set forth in the preceding

paragraphs as though more fully set forth at length herein.

21.      There existed a contract between Monogram and Plaintiffs pursuant to which

Monogram was to design and install a swimming pool, and related facilities at the subject property;

in furtherance thereof, Monogram was to install and connect a propane supply to the pool's heater

in a safe and workmanlike manner. Upon information and belief, the applicable (i.e. as described)

contract is attached hereto as Exhibit "A"; said contract is hereby incorporated into this Complaint.

22.      At all times material hereto, Monogram failed to discharge its contractual duties

pursuant to the express and implied terms of contract, including but not limited to providing a

propane supply to the pool's heater in a safe and workmanlike manner.

23.      As a direct and proximate result of this contractual breach of Monogram,

Plaintiffs sustained damages to their real and personal property, as well as the imposition of

additional expenses, plus emotional and psychological injuries and other hardships besides.

24.      Plaintiffs have performed all conditions precedent to recover based upon such

breaches.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment

in their favor and against Monogram – jointly and/or severally with the other Defendants in this

action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as

this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – BREACH OF IMPLIED WARRANTIES
## PLAINTIFFS v. MONOGRAM

25.      Plaintiffs incorporate herein by reference the allegations set forth in the preceding

paragraphs as though more fully set forth at length herein.

26.     In furtherance of the pool-project services undertaken by Monogram, it had impliedly warranted that all work would be performed in a reasonably workmanlike manner, and/or with quality workmanship, and that the subject property would be in a habitable condition.

27.     Based upon Monogram's improper acts and omissions described herein – by itself and/or through servants, employees, subcontractors – Monogram breached these warranties.

28.     As a direct and proximate result of these breaches, Plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses, plus emotional and psychological injuries and other hardships besides.

29.     Plaintiffs have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Monogram – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT IV – NEGLIGENCE
### PLAINTIFFS v. SHARP

30.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

31.     Sharp owed Plaintiffs a duty of care to, *inter alia*, properly install and connect a propane supply to the pool's heater at the subject property.

32.     The damages described herein were the direct and proximate result of the negligence, carelessness and/or other unlawful conduct of Sharp – including negligent acts and/or omissions of Sharp as performed by and through its agents, servants, workmen, employees,

servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – more specifically described as follows:

    (a)    failing to exercise reasonable care in the performance of duties as the propane-supply installer and connector, including but not limited to carelessly and negligently performing the following:

        (1)    failing to competently install and connect the propane supply to the pool's heater in a safe and appropriate manner; and/or;

        (2)    failing to ensure proper techniques and materials were employed, and applicable safety procedures followed, as to the installation and connection of the propane supply to the pool's heater;

        (3)    failing to properly monitor the work of all agents, subcontractors and/or employees during the installation and connection of the propane supply to the pool's heater to ensure compliance with applicable safety procedures.

        (4)    failing to properly inspect the work regarding the propane supply to the pool's heater to ensure that it did not pose a risk of harm complained to the Plaintiffs.

    (b)    failing to adequately instruct, supervise and/or train its employees, representatives, agents, servants, workmen, subcontractors as to the proper ways to perform the tasks set forth in subparagraph (a) above;

    (c)    failing to adequately warn Plaintiffs and others of the defects resulting from the careless and negligent failure to exercise reasonable care as set forth in subparagraph (a) above;

    (d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    (e)    failing to perform the tasks set forth in subparagraph (a) above in conformity with prevailing industry and governmental specifications and standards;

    (f)    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, specifications, instructions, and/or industry customs applicable to this action; and/or

    (g)    selecting and contracting with individuals and entities that were ill-trained

and/or unprepared to properly perform the tasks set forth in subparagraph (a) above.

34.     As a direct and proximate result of such acts and/or omissions, Plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses, plus emotional and psychological injuries and other hardships besides.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant Sharp – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT V – BREACH OF CONTRACT
## PLAINTIFFS v. SHARP

35.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

36.     In causing the damages as described herein, Sharp breached the terms of its contract with Monogram (of which Plaintiffs were intended third-party beneficiaries) as expressed or implied therein, and/or existing according to law.

37.     For their part, Plaintiffs performed all obligations relating to the aforementioned contract, as well as all conditions precedent to recovery on this count.

38.     The failure of Sharp to fulfill its contractual obligations was the direct and proximate cause of the explosion/fire incident at the subject property, as well as its foreseeably resultant damages and harms to Plaintiffs as described herein.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Sharp – jointly and/or severally with the other Defendants in this action

– for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT VI – BREACH OF IMPLIED WARRANTIES
### PLAINTIFFS v. SHARP

39.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

40.     In conjunction with the services undertaken by Sharp, it had expressly and/or impliedly warranted that all work would be performed in a reasonably workmanlike manner, and/or with quality workmanship, and that the subject property would be in a habitable condition.

41.     Thus, pursuant to all express and/or all implied warranties applicable to this action, Sharp's work was to be done in a timely, safe, professional, good and workmanlike manner.

42.     Through Sharp's improper actions as described herein, Sharp breached the express and/or implied warranties applicable hereto, which breach(es) resulted in Plaintiffs' herein-described damages and harms.

43.     For their parts, Plaintiffs performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant Sharp – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT VII – NEGLIGENCE
### PLAINTIFFS v. DREISBACH

44.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

45.     Dreisbach owed Plaintiffs a duty of care to, *inter alia*, properly install and connect the propane supply to the pool heater at the subject property.

46.     The herein-described damages were the direct and proximate result of the negligence, carelessness and/or other unlawful conduct of Dreisbach – including negligent acts and/or omissions of Dreisbach as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – more specifically described as follows:

(a)     failing to exercise reasonable care in the performance of duties in the installation and connection of the propane supply to the pool's heater and associated piping, including but not limited to carelessly and negligently performing the following:

(1) failing to competently install and connect the propane supply to the pool's heater in a safe and appropriate manner;

(2) failing to ensure proper techniques and materials were employed, and applicable safety procedures followed, as to the installation and connection of the propane supply to the pool's heater;

(3) failing to properly monitor the work of all agents, subcontractors and/or employees during the installation and connection of the propane supply to the pool's heater to ensure compliance with applicable safety procedures;  and/or

(4) failing to properly test and/or inspect its work and the work of others coming before it to ensure that none of it posed a risk of harm to the Plaintiffs.

(b)     failing to adequately instruct, supervise and/or train its employees, representatives, agents, servants, workmen, subcontractors as to the proper ways to perform the tasks set forth in subparagraph (a) above;

(c)     failing to adequately warn Plaintiffs and others of the defects resulting from the careless and negligent failure to exercise reasonable care as set forth in subparagraph (a) above;

(d)     failing to provide, establish and/or follow proper and adequate controls so

as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform the tasks set forth in subparagraph (a) above in conformity with prevailing industry and governmental specifications and standards;

(f) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, specifications, instructions, and/or industry customs applicable to this action; and/or

(g) selecting and contracting with individuals and entities that were ill-trained and/or unprepared to properly perform the tasks set forth in subparagraph (a) above.

47.     As a direct and proximate result of Dreisbach's acts and/or omissions, Plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses, plus emotional and psychological injuries and other hardships besides.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Dreisbach – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT VIII – BREACH OF CONTRACT
## PLAINTIFFS v. DREISBACH

48.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

49.     In causing the damages and harms as alleged herein, Dreisbach breached the terms of its contract with Monogram and/or Sharp (of which Plaintiffs were intended third-party beneficiaries) as expressed or implied therein, and/or existing according to law.

50.     For their part, Plaintiffs performed all obligations relating to the aforementioned contract, as well as all conditions precedent to recovery on this count.

51.     As a direct and proximate result of Dreisbach's failure to properly perform and/or comply with said contract, Plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses, plus emotional and psychological injuries and other hardships besides.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Dreisbach – jointly and/or severally with the other Defendant(s) in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT IX – BREACH OF IMPLIED WARRANTIES
### PLAINTIFFS v. DREISBACH

52.      Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

53.     In conjunction with the duties undertaken by Dreisbach, it had expressly and/or impliedly warranted that all work would be performed in a reasonably workmanlike manner, and/or with quality workmanship, and that the subject property would be in a habitable condition.

54.     Thus, pursuant to all express and/or all implied warranties applicable to this action, Dreisbach's work was to be done in a timely, safe, professional, good and workmanlike manner.

55.     Through Dreisbach's improper actions as described herein, Dreisbach breached the express and/or implied warranties applicable to this action, which breach(es) resulted in Plaintiffs' damages and harm as described herein.

56.     For their parts, Plaintiffs satisfied all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Dreisbach – jointly and/or severally with the other Defendants in this

action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT X – NEGLIGENCE**
**PLAINTIFFS v. NORMAC**

57.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

58.     The herein-described damages were the direct and proximate result of the negligence and carelessness of Normac – by and through itself, and/or its employees, agents, technicians, vendors, subcontractors, and/or servants – more specifically described as follows:

    a.     failing to exercise reasonable care in the following manner:

        i.     failing to design, assemble, manufacture, sell, test, distribute and/or market a properly functioning riser;

        ii.     failing to properly inspect and/or test the riser and/or its component parts;

        iii.     failing to properly determine that the riser and/or its component parts were not in compliance with applicable standards;

        iv.     failing to provide safe and adequate warnings or instructions with the riser; and/or

        v.     designing, assembling, manufacturing, selling, testing, distributing and/or marketing the riser when Normac knew or should have known that the riser and/or its component parts would be inadequate for the reasons for which it was purchased.

    b.     failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    c.     failing to adequately warn Plaintiffs and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

    d.     failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    e.     failing to retain competent, qualified and/or able agents, employees or

servants to perform the tasks set forth in subparagraph (a) above;

g.      failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

h.      violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

59.     Such negligence as described herein representing a breach of the applicable standard of care, Normac is liable to the Plaintiffs.

60.     That is, as a direct and proximate result of Normac's negligence, Plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses, plus emotional and psychological injuries and other hardships besides.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Normac – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT XI – BREACH OF IMPLIED WARRANTIES
## PLAINTIFFS v. NORMAC

61.      Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

62.     At the time of selling riser, Normac knew or had reason to know of the particular purpose for which it would be used, and knew that its skill and judgment were being relied upon to furnish a suitable product.

63.     Thus, given the foregoing, Normac breached implied warranties of fitness for particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") and in 13 Pa. C.S.A. § 2-315 in that the riser was not fit for the particular use for which intended.

64.    In addition, Normac breached implied warranties of merchantability as set out in the UCC and 13 Pa. C.S.A. § 2-314 (c) in that the riser was not fit for the uses for which intended.

65.    Normac also breached any and all express warranties made or relating to the riser that became part of the basis of the bargain for sale of the riser in violation of the UCC and 13 Pa. C.S.A. § 2-313.

66.    Furthermore, Normac breached the express and implied terms set out in the warranties enjoyed by the Plaintiffs at the time of coming to own the product, and/or any time subsequent thereto.

67.    Plaintiffs' damages, as described herein, occurred as a direct and proximate result of Normac's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314 (c), and as a result of its breach of expressed warrantees in violation of 13 Pa. C.S.A. § 2-313, as well as the express and implied warranties set out in the warranties the Plaintiffs enjoyed upon coming to own the product, and/or any time subsequent thereto.

68.    For their parts, Plaintiffs satisfied all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Normac – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT XII – STRICT LIABILITY
### PLAINTIFFS v. NORMAC

69.    Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

70.     Normac is engaged, and at all times relevant hereto was engaged, in the business of designing, manufacturing, distributing, and/or selling flexible risers for gas-supply installation, including the flexible riser that was installed at the subject property, and specifically the riser at issue in this case.

71.     Normac designed, manufactured, assembled, distributed and/or sold the riser in a defective condition, unreasonably dangerous to the Plaintiffs and their property.

72.     Normac knew or should have known that the riser would, and did, reach the Plaintiffs without substantial change in the condition in which originally selected and sold.

73.     The aforementioned defects consisted of:

   a.     design defects;
   b.     manufacturing defects;
   c.     component defects;
   d.     use-instructions and/or warnings defects; and/or
   e.     a failure to warn of the design, manufacturing, and/or component defects, and/or properly provided warning and/or safe use instructions.

74.     For these reasons, Normac is strictly liable to the Plaintiffs pursuant to Section 402A of the Restatement (Second) of Torts, and the applicable case law of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Normac – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT XIII – NEGLIGENCE
### PLAINTIFFS v. RIEGGER

75.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

76.    Riegger owed Plaintiffs a duty of care to, *inter alia*, properly install and connect the propane supply to the pool heater at the subject property.

77.    The herein-described damages were the direct and proximate result of the negligence, carelessness and/or other unlawful conduct of Riegger – including negligent acts and/or omissions of Riegger as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – more specifically described as follows:

(a)    failing to exercise reasonable care in the performance of duties in the installation and connection of the propane supply to the pool's heater and associated piping, including but not limited to carelessly and negligently performing the following:

(1)    failing to competently install and connect the propane supply to the pool's heater in a safe and appropriate manner;

(2)    failing to ensure proper techniques and materials were employed, and applicable safety procedures followed, as to the installation and connection of the propane supply to the pool's heater;

(3)    failing to properly monitor the work of all agents, subcontractors and/or employees during the installation and connection of the propane supply to the pool's heater to ensure compliance with applicable safety procedures; and/or

(4)    failing to properly test and/or inspect its work and the work of others coming before it to ensure that none of it posed a risk of harm to the Plaintiffs.

(b)    failing to adequately instruct, supervise and/or train its employees, representatives, agents, servants, workmen, subcontractors as to the proper ways to perform the tasks set forth in subparagraph (a) above;

(c)    failing to adequately warn Plaintiffs and others of the defects resulting from the careless and negligent failure to exercise reasonable care as set forth in subparagraph (a) above;

(d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph

(a) above;

(e) failing to perform the tasks set forth in subparagraph (a) above in conformity with prevailing industry and governmental specifications and standards;

(f) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, specifications, instructions, and/or industry customs applicable to this action; and/or

(g) selecting and contracting with individuals and entities that were ill-trained and/or unprepared to properly perform the tasks set forth in subparagraph (a) above.

78. As a direct and proximate result of Riegger's acts and/or omissions, Plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses, plus emotional and psychological injuries and other hardships besides.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Riegger – jointly and/or severally with the other Defendants in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT XIV – BREACH OF CONTRACT
## PLAINTIFFS v. RIEGGER

79. Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

80. In causing the damages and harms as alleged herein, Riegger breached the terms of its contract with Monogram and/or Sharp and/or Dreisbach (of which Plaintiffs were intended third-party beneficiaries) as expressed or implied therein, and/or existing according to law.

81. For their part, Plaintiffs performed all obligations relating to the aforementioned contract, as well as all conditions precedent to recovery on this count.

82. As a direct and proximate result of Riegger's failure to properly perform and/or

comply with said contract, Plaintiffs sustained damages to their real and personal property, as well as the imposition of additional expenses, plus emotional and psychological injuries and other hardships besides.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Riegger – jointly and/or severally with the other Defendant(s) in this action – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT XV – BREACH OF IMPLIED WARRANTIES
### PLAINTIFFS v. REIGGER

83.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

84.     In conjunction with the duties undertaken by Riegger, it had expressly and/or impliedly warranted that all work would be performed in a reasonably workmanlike manner, and/or with quality workmanship, and that the subject property would be in a habitable condition.

85.     Thus, pursuant to all express and/or all implied warranties applicable to this action, Riegger's work was to be done in a timely, safe, professional, good and workmanlike manner.

86.     Through Riegger's improper actions as described herein, Riegger breached the express and/or implied warranties applicable to this action, which breach(es) resulted in Plaintiffs' damages and harm as described herein.

87.     For their parts, Plaintiffs satisfied all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Riegger – jointly and/or severally with the other Defendants in this action

– for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT XVI – INTERFERENCE WITH RIGHTS OF
## PEACEFUL ENJOYMENT OF THEIR REAL PROPERTY
## PLAINTIFFS v. ALL DEFENDANTS

88.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

89.     As a direct and proximate result of the unlawful acts described in the preceding Counts I – XV (inclusive), Defendants forced Plaintiffs to vacate their home for an extended period of time, and Plaintiffs were thereby left without the unique comforts and benefits they otherwise would have enjoyed had they not been forced to vacate their home.

90.     This caused Plaintiffs substantial inconvenience and discomfort, and they thereby suffered damages and harm cognizable at law.

91.     As a direct and proximate result of Defendants' above-described unlawful actions (etc.), Plaintiffs sustained and incurred damages as described herein in an amount in excess of $1,000,000.00.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against all Defendants – jointly, severally and/or in the alternative – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT XVII
## NEGLIGENCT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFFS V. ALL DEFENDANTS

92.     Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs as though more fully set forth at length herein.

93.     The plaintiffs Ahmet and Betul Kaymak and their minor children were in the house when the explosion occurred. They all felt the concussion of the explosion. Ahmet Kaymak, Betul Kaymak, Cemil Emer Kaymak and Mehmet Yusuf Kaymak have all sought treatment with mental health professionals and have been diagnosed with Post Traumatic Stress Disorders.

94.     As is pled hereinabove the explosion occurred as a result of the negligence of the defendants.

95.     The negligence of the defendants did place the plaintiffs in danger of physical harm and impact.

96.     The plaintiffs, as stated above, did suffer emotional distress as a result of the defendant's negligence.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against all Defendants – jointly, severally and/or in the alternative – for damages in excess of $1,000,000.00, plus delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.


**de LUCA LEVINE LLC**

**/s/**

BY:_____

**DANIEL J. de LUCA**
PA ID: 74727
Three Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
215-383-0082 (fax)
ddeluca@delucalevine.com

/s/
_____

**JOHN NEUMANN HICKEY**
PA ID: 61896
20 West Front Street
Media, PA 19063
610-891-8883
610-891-8923 (fax)
jnh@hickeylaw.net
Attorney for plaintiffs

**Dated:** <u>10/12/2018</u>